IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Katie M. Mnichowski,                              :
                              Petitioner           :
                                                   :
        v.                                         : No. 450 C.D. 2025
                                                   : Submitted: June 16, 2026
Unemployment Compensation                          :
Board of Review,                                   :
                              Respondent           :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE STELLA M. TSAI, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                  FILED: August 4, 2026


        Katie M. Mnichowski (Claimant), representing herself, petitions for review of
the March 10, 2025 decision and order of the Unemployment Compensation Board
of Review (Board), which denied her claim for benefits, affirmed a prior decision by
the referee, and concluded Claimant received non-fraud overpayments. After careful
review, we affirm.

                                    **BACKGROUND**

        This case relates to a Pandemic Unemployment Disqualifying Determination
(Determination) Claimant received, dated March 5, 2024, which indicated Claimant
was ineligible for Pandemic Unemployment Assistance (PUA) benefits. As a result,

the Determination denied Claimant's benefits claim.[1]  Claimant timely appealed and contended she did not file a benefits claim.

An unemployment compensation referee held a telephone hearing on June 25, 2024.  Claimant maintained at the hearing that she did not file a claim for, or receive, benefits.  Certified Record (C.R.) at 90-91.  Rather, in response to questioning by the referee, Claimant agreed she was the victim of "fraudulent activity."  *Id.* at 91.  The referee admitted a copy of two benefits checks bearing Claimant's signature into the record, but Claimant denied that she received the checks and appeared to suggest her signature was forged.  *See id.* at 23, 94-98.

The referee issued a decision denying Claimant's benefits claim and affirming the Determination, dated June 27, 2024.  The referee determined Claimant received non-fraud overpayments of PUA, Federal Pandemic Unemployment Compensation (FPUC), and Lost Wage Assistance (LWA) benefits.  C.R. at 304.  Claimant timely appealed.  By decision and order mailed September 5, 2024, the Board remanded to the referee for an additional hearing "to allow the [C]laimant to review the case file in advance of the hearing."  *Id.* at 325.

The referee held a remand hearing on December 31, 2024.[2]  Claimant testified in person and presented testimony from her tax preparer, James Smith.  Additionally, Kurt Fisher (Fisher), a claims supervisor, participated via telephone on behalf of the Department of Labor and Industry.  Claimant presented bank statements in an effort to establish she did not receive benefits.  C.R. at 379-80.  Fisher questioned Claimant

---

[1] The Determination stated Claimant was ineligible for PUA benefits because she was "not a totally or partially unemployed worker or self-employed individual due to COVID-19 related reasons." Certified Record at 28.  In its brief, the Board proposes Claimant was deemed ineligible for PUA benefits because she failed to establish she was working in 2020 and became unemployed because of the COVID-19 pandemic.  Board's Br. at 13 n.7.

[2] Two different referees held the hearings in this matter.

2

regarding the June 26, 2020 deposit on the bank statements in the amount of $12,836, a sum that equaled the total of the two signed benefits checks mentioned above in the amounts of $5,400 and $7,436. *Id.* at 23, 248, 383-84. Claimant acknowledged the signature on the checks looked like hers, but she suggested "[s]omebody could have recreated it." *Id.* at 384. Claimant also contended there was a discrepancy because the checks were cashed on June 29, 2020, and the deposit occurred on June 26, 2020. *Id.* at 384-85. Fisher proposed this discrepancy was a mere typographical error.[3] *Id.* at 387. He testified Claimant received two payments by check, and "the rest . . . were made by a debit card" mailed to Claimant's address. *Id.* at 386.

By decision and order mailed March 10, 2025, the Board denied the claim for benefits and affirmed the referee's decision. The Board found Claimant's testimony that she did not file a claim for, or receive, benefits not credible and instead credited the contrary testimony from Fisher. C.R. at 391-92. The Board concluded Claimant did not establish she was eligible for benefits and, therefore, received overpayments. *Id.* at 392. Nevertheless, the Board explained **Claimant could request a waiver of her overpayments** by contacting the unemployment compensation service center or "using the 'Request Waiver' link on [her] portal." *Id.* at 392. Claimant timely filed a petition for review in this Court.

In her brief, Claimant asserts she did not initially believe she received benefits but realized later that she did. Claimant's Br. at 7.[4] Claimant asserts she spoke with a "representative[] from PUA unemployment" who stated that she should never have

---

[3] Claimant's bank statements show the date of the $12,836 deposit as June 26, 2020. C.R. at 248. The exhibit containing a copy of the two signed benefits checks includes typed notations, which state: "Per Treasury: $5400 check cashed by [C]laimant on 06/29/2020" and "Per Treasury: $7,436 check cashed by [C]laimant on 06/29/2020." *Id.* at 23.

[4] Because the page numbers of Claimant's brief are slightly out of order, the Court uses electronic pagination in this decision.

3

been approved for benefits. *Id.* According to Claimant, the representative explained "they were overwhelmed with applications . . . and never reviewed [her] application completely" before it was approved. *Id.* Therefore, Claimant asserts she should not have to repay the benefits she received. *Id.* at 11.

## DISCUSSION

This Court reviews the Board's decision and order for violations of Claimant's constitutional rights, violations of agency practice and procedure, and for other legal errors. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. The Court also reviews whether substantial evidence supports the findings of fact necessary to sustain the Board's decision. *Id.* To the extent Claimant's appeal requires the Court to interpret a statute, this presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 813 (Pa. 2014). We do not defer to the Board when reaching a decision, and we may consider the entire record on appeal. *See Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012).

Under Section 2102(b) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 15 U.S.C. § 9021(b), a claimant is eligible for PUA benefits if he or she is a "covered individual" who is "unemployed, partially unemployed, or unable to work for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation . . . or waiting period credit." The CARES Act defines "covered individual," in part, as an individual who certifies that he or she "is otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because" of one of numerous reasons related to the COVID-19 pandemic. 15 U.S.C. § 9021(a)(3)(A)(ii).

4

In addition, Section 2104 of the CARES Act, 15 U.S.C. § 9023, provides for FPUC benefits. A "covered individual" who receives PUA benefits is also eligible to receive FPUC benefits. 15 U.S.C. §§ 9021(d)(1)-(2), 9023(g)(1), (i)(2)(C). LWA benefits are permitted under an August 8, 2020 Presidential Memorandum,[5] which is based on Section 408(e)(2) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5174(e)(2). Under the Presidential Memorandum, LWA benefits are available to "eligible claimants," which is defined to include individuals who have received, "for the week [LWA] is sought, at least $100 per week of" PUA benefits.

In this case, Claimant now concedes she received the benefits in question, and she does not dispute the Board's conclusion that she was ineligible for those benefits. *See* Claimant's Br. at 7, 11. Claimant's position is that she should not be responsible for overpayments because she should not have been approved for benefits in the first place. *Id.* It is important to recognize that the only determination before this Court is the March 5, 2024 Determination, which indicated Claimant was ineligible for PUA benefits. Because Claimant does not dispute that she was ineligible for benefits, and acknowledges the opposite, we are constrained to affirm the Board's March 10, 2025 decision and order. Claimant did not petition this Court for review of, and the record does not contain, any orders resulting from overpayment determinations.[6]

---

[5] The Presidential Memorandum is available at https://trumpwhitehouse.archives.gov/presidential-actions/memorandum-authorizing-needs-assistance-program-major-disaster-declarations-related-coronavirus-disease-2019 (last visited Aug. 3, 2026).

[6] Claimant's appeals to the referee and the Board were consolidated with other interrelated appeals. The Board explains in its brief that it also issued "decisions regarding the overpayments associated with Claimant's ineligibility for PUA benefits," including PUA, FPUC, and LWA overpayments, and "ineligibility and overpayment decisions under a different application for benefits." Board's Br. at 6 n.4. Claimant's petition for review to this Court included only a copy of the order at Board **(Footnote continued on next page…)**

5

Mindful that Claimant does not have the benefit of legal counsel, however, we observe federal law expressly requires repayment of PUA, FPUC, and LWA benefits that ineligible claimants have received. Fortunately for Claimant, under all three benefit programs, a state **may** waive **a claimant's obligation** to make repayment in cases where "the payment . . . was **without fault** on the part of any such individual; and . . . such repayment would be contrary to **equity and good conscience**." *See* 15 U.S.C. §§ 9021(d)(4), 9023(f)(2); Section 262(b) of the Continued Assistance for Unemployed Workers Act of 2020, Pub. L. No. 116-260, 134 Stat. 1182, 1962-63 (2020) (emphasis added). As the Board stated in its March 10, 2025 order, Claimant has the option to request a waiver of the non-fraud overpayments by contacting the unemployment compensation service center or using the "Request Waiver" link on her portal. If such a request is granted, the overpayment is forgiven.

**CONCLUSION**

Thus, this Court has no basis to disturb the March 10, 2025 decision and order regarding PUA benefits. Claimant did not petition for review of, and the record does not contain, any orders resulting from overpayment determinations. Nonetheless, as the Board noted, and as this Court explained, Claimant may **request a waiver of the overpayments** based on the contention that she is without fault and requiring her to make repayments would be contrary to equity and good conscience.

_____
STACY WALLACE, Judge

---

docket number 2024000997-BR, which related to referee docket number 2024001906-AT, which related to determination number 11663378, that is, the March 5, 2024 Determination that indicated Claimant was ineligible for PUA benefits.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Katie M. Mnichowski,                          :
                              Petitioner       :
                                               :
          v.                                   : No. 450 C.D. 2025
                                               :
Unemployment Compensation                      :
Board of Review,                               :
                              Respondent       :

# **O R D E R**

    **AND NOW**, this 4th day of August 2026, the decision and order of the Unemployment Compensation Board of Review, mailed March 10, 2025, is **AFFIRMED**.

 

                        _____

                        STACY WALLACE, Judge